IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINA LERMA,

      Plaintiff,                      No. 2:13-cv-0616 KJM KJN PS

    vs.

UNITED STATES OF AMERICA &
NORTH KOREA,

      Defendants.                ORDER AND
                                                  FINDINGS AND RECOMMENDATIONS
_____/

        On March 29, 2013, plaintiff Regina Lerma, proceeding without counsel, filed this action and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

        However, pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

   [1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
7  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

8  To avoid dismissal for failure to state a claim, a complaint must contain more than
9  "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a
10 cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other words,
11 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13 claim upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129
16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v.</u>
19 <u>Rhodes</u>, 416 U.S. 232, 236 (1974).

20 Pro se pleadings are liberally construed.  See <u>Haines v. Kerner</u>, 404 U.S. 519,
21 520-21 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it
22 is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in
23 forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See <u>Noll v.</u>
24 <u>Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin</u>, 745 F.2d at 1230.

25 Here, plaintiff, a resident of Sacramento, California, alleges that she is being
26 tortured both by North Korea's threat of nuclear war and the United States's sending of B-2

bombers to North Korea, which she claims would lead to "a mutual assured destruction of all life." (Dkt. No. 1.)  Plaintiff further alleges that the United States and North Korea are violating the 1882 Treaty of Peace between the United States and North Korea, plaintiff's right to communicate with her neighbors and their rights to communicate with her, as well as her civil rights, including the United Nations's Universal Declaration of Human Rights ("UDHR").  (Id.)  Plaintiff seeks relief in the form of two trillion dollars combined from both defendants, sanctions, an order that North Korea "open all lines of communication to all people," and an order that all North Korean people "be granted access to the world wide web and no more intranet."  (Id.)

   Plaintiff's claims here are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2), because they are based on indisputably meritless legal theories and on factual contentions that are clearly baseless.  Neitzke, 490 U.S. at 327-28.  Plaintiff's allegations regarding her being personally tortured as a result of events in North Korea are so bizarre and implausible that they are wholly insubstantial and cannot invoke this court's subject matter jurisdiction.  See O'Brien v. U.S. Department of Justice, 927 F. Supp. 382, 385 (D. Ariz. 1995); Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) warranted when claims are "clearly fanciful" and "so attenuated and unsubstantial as to be absolutely devoid of merit"); see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (holding that under the substantiality doctrine, the district court lacks subject matter jurisdiction when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy").

   While the court would ordinarily permit a pro se plaintiff to amend her complaint before dismissal, plaintiff's patently frivolous and implausible allegations compel the conclusion that amendment of the complaint here would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).  Therefore, the undersigned recommends that the action be dismissed with prejudice.

1   For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (dkt. no. 3) is GRANTED.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE.

2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: April 2, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE